UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,            **MEMORANDUM OF LAW**

      – against –                                   Civil Action No.: 11-CIV-8731

MICHAEL R. BALBOA and GILLES
T. DE CHARSONVILLE,
                Defendants.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO STAY THE INSTANT PROCEEDINGS**

        Defendant Michael Balboa, by and through his attorneys, Law Offices of Tacopina Seigel & Turano, P.C., respectfully submits this Memorandum of Law in support of his Motion to Stay the Instant Proceedings.

### I. PRELIMINARY STATEMENT

        The Defendant submits this Memorandum of Law in support of his Motion to Stay the instant action by the Securities and Exchange Commission ("SEC"), pursuant to the Fifth and Sixth Amendments to the United States Constitution, pending the outcome of the parallel criminal proceeding against the Defendant. The Defendant in this SEC action is a defendant in a criminal Complaint pending in the United States District Court for the Southern District of New York. Both the Complaint and the instant action relate to the Defendant's alleged fraud in connection with the offer and sale of various securities. Both proceedings share common issues of law and fact and involve substantially the same alleged victims, witnesses, and documentary evidence.

        Failure to stay the instant SEC proceeding will substantially prejudice the Defendant's rights by forcing him to choose between (1) forfeiting Fifth Amendment protections

afforded to all criminal defendants or (2) forfeiting any opportunity to meaningfully participate in the instant proceedings. Such a choice amounts to impermissible punishment for exercising Constitutionally protected rights.

## II. THE CRIMINAL COMPLAINT

On November 31, 2011, in the Southern District of New York, a sealed Complaint charged the Defendant with conspiracy to commit securities and wire fraud, as well as with substantive counts of securities and wire fraud with respect to various securities. *United States v. Michael Balboa*, 11 MAG 3038 (S.D.N.Y.). A copy of the Complaint is annexed to this Motion as Exhibit A, and is incorporated herein by reference.

Plainly, there is substantial overlap between the conduct that is the subject of the criminal and civil proceedings. The same securities offerings and the same periods of time are involved, and much of the alleged wrongdoing is the same. Moreover, alleged victims of the purported fraud, cooperating witness(es), and other persons are likely to be called as witnesses in both proceedings. Additionally, documents relevant to Defendant's conduct are likely to be sought by the Plaintiff in Discovery in this proceeding that would not otherwise be permitted in a criminal proceeding at this time.

## III. SUBSTANTIAL PREJUDICE WILL RESULT TO DEFENDANT IF THE STAY IS DENIED

The critical question is whether permitting the instant civil proceeding to go forward would interfere with or jeopardize the criminal proceeding. Where the interference is apparent, the law is clear that civil proceedings should be stayed. See, Kashi v. Gatsos, 790 F.2d 1050 (2d Cir. 1996), S.E.C. v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980). The case of Nakash v. United States Department of Justice, 708 F. Supp. 1354 (S.D.N.Y. 1988) is

illustrative. In that case, the Court analyzed the differences between criminal and civil proceedings, and determined that if parallel civil proceedings were not stayed, it would result in an unjust outcome in the criminal proceeding.

In the present case, Mr. Balboa's defense in both cases may well depend upon his testimony and exhibits not yet disclosed in either proceeding. Consequently, Mr. Balboa will indeed suffer prejudice if the Court were to deny his motion for a stay. Specifically, if Mr. Balboa wants to preserve his Fifth Amendment privilege in the criminal case, he will not be able to testify on his own behalf in these civil proceedings. His inability to do so will not only deprive him of the ability to adequately defend himself in this civil action, but it may also subject him to an adverse inference from his refusal to testify, which will only further prejudice his defense.

### IV. A STAY WILL CONSERVE ADJUDICATIVE RESOURCES

The need to preserve limited judicial resources militates towards granting a stay in the instant proceeding. Without conceding its application on these facts, resolution of the criminal case may arguably allow Plaintiff to assert collateral estoppel with respect to portions of the proceeding. See, United States v. Mellon Bank, 545 F. 2d 869, 878 (3d Cir. 1976). In this case, the potential application of collateral estoppel weighs heavily in favor of staying these civil proceedings. The allegations underlying the criminal prosecution of Mr. Balboa are identical to those that would be litigated in this civil action. Moreover, if Mr. Balboa were to either plead guilty or be found guilty after trial, he would be collaterally estopped from contesting the facts underlying that conviction in this action. Consequently, a guilty plea or a conviction after trial could obviate the need for much litigation in this case. At the very least, the resolution of Mr. Balboa's criminal case will simplify and streamline these civil proceedings, thereby saving valuable judicial resources and avoiding the possibility of irreconcilably inconsistent results.

## V. CONCLUSION

In sum, there is no way to reconcile the competing interests of Defendant's Constitutionally protected rights as a criminal defendant and his right to defend himself in a civil proceeding. If a stay is not granted, Defendant will be in the untenable position of having to choose between exercising one set of protections at the expense of another. In similar situations, Courts and other Administrative bodies have recognized when one's liberty is at stake, an administrative proceeding must yield temporarily to the protections afforded every citizen by the Federal Constitution.

Finally, it bears emphasis that in this case, the overlap of the criminal and civil proceeding is not merely hypothetical. The accusations in both the criminal Complaint and in the SEC complaint are identical. Therefore, the documents relating to the criminal case will relate directly to the Plaintiff in the instant proceeding. Moreover, the SEC action was filed <u>after</u> the criminal Complaint of the Defendant and the SEC should not now gain an unfair benefit in this proceeding by virtue of the fact that, practically speaking, there is no meaningful way the Defendant can participate in the instant proceeding until the criminal proceeding is resolved. Any judgment obtained through such a fundamentally unfair process violates any notion of fundamental fairness and Due Process.

WHEREFORE, in light of the reasons set forth herein, Mr. Balboa respectfully requests that his Motion to Stay these civil proceedings pending the outcome of the related criminal case be granted and any such other relief as this court may deem proper.

Dated: February 22, 2012

New York, New York

                                      Respectfully submitted,

                                      _____
                                      JOSEPH TACOPINA, ESQ.
                                      Law Offices of Tacopina Seigel & Turano, P.C.
                                      *Attorneys for Defendant Michael Balboa*
                                      275 Madison Avenue, 35th Floor
                                      New York, New York 10016
                                      Phone: (212) 227-8877
                                      Facsimile: (212) 619-1028